CASPER N. DUNHAM AND FRANK TREAT v. CHRISTO-
PHER A. HOUGH, TREASURER OF BARRY COUNTY.

*Liquor traffic—Provision authorizing county treasurer to require new bonds, construed.*

The specified causes for which new bonds might be required of liquor dealers by county treasurers, namely, "the death, insolvency, or removal of either of the sureties," were not illegally laid down in the liquor tax law of 1887, but no method was provided of getting at the facts by a hearing before any one; which defect would have been cured by Act No. 213, Laws of 1889, if it had become a law. *Robison v. Miner*, 68 Mich. 549.

*Certiorari* to review proceedings by respondent to

determine whether a new bond should be required of a liquor dealer, under Act No. 213, Laws of 1889. Argued May 1, 1890. Proceedings quashed May 9, 1890. The facts are stated in the opinion.

*Eggleston & McBride*, for petitioners.

*Clement Smith*, Prosecuting Attorney (*L. E. Knappen*, of counsel), for respondent.

GRANT, J. Plaintiffs were saloon keepers in the village of Nashville, Barry county, and as such had executed the bond required by law. The defendant, who was the treasurer of said county, commenced proceedings under section 8 of pretended Act No. 213, Laws of 1889, for the purpose of determining whether one of the sureties upon such bond had removed from the county and had become insolvent, and whether, in consequence thereof, the plaintiffs should be required to execute a new bond. Notice of the hearing was given to plaintiffs by the treasurer. The plaintiffs appeared specially, and objected to the proceedings for reasons which it is unnecessary to state. The objection was overruled, and the treasurer proceeded to take testimony. The treasurer decided that the surety had become insolvent, and required the plaintiffs to execute a new bond. Plaintiffs bring the case into this Court, by *certiorari,* to test the validity of these proceedings.

We have already held at the present term, in the case of *Rode v. Wayne Co. Treasurer, ante,* 598, that, owing to stupidity or gross negligence, or for some other reason, the important bill regulating the traffic in intoxicating liquors in this State, which passed both Houses of the Legislature, was not engrossed and enrolled as it was passed, but that, as presented to the Governor for his signature, it was entirely different, in many of its pro-

visions, from that which passed the Legislature, and that consequently this act, as published, is of no force or validity whatever. Our reasons are fully stated in that opinion.

We also held that Act No. 313, Laws of 1887, upon the same subject, was not repealed, and is still in force. If the similar provisions of the act of 1887 were valid, the question would then arise for our consideration whether this proceeding might not still be maintained. But this Court has passed upon the provisions of the act of 1887 concerning the same subject-matter in *Robison v. Miner*, 68 Mich. 549. It was there held that the specified causes for which new bonds might be required were not illegally laid down in the statute, but that no method was provided of getting at the facts by a hearing before any one. Such important powers cannot be exercised by the country treasurer arbitrarily, nor can he, at his discretion, determine the proceedings which are necessary to give him the jurisdiction to act. These can only be provided by the Legislature. The Legislature would have cured this defect by the act of 1889, if it had become a law

For the above reasons, judgment must be entered for the plaintiffs, and the proceedings quashed, but without costs.

The other Justices concurred.